(No. 4139

GEORGE W. LAWSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1949.*

J. CLINTON SEARLE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The stipulation of facts disclose that claimant, George W. Lawson, at the time of his alleged claim on

May 25, 1948, was 51 years of age and had two minor children under the age of 16 years; that he was employed by the State of Illinois since April 1, 1941 and that his earnings the year immediate to May 25, 1948 were $2,-413.32; that he was paid full salary of $203 per month until June 22, 1948, inclusive, and compensation at the rate of $20.80 a week from June 23, 1948 until September 14, 1948, inclusive; that during his second period of disability he was paid full salary beginning November 16, 1948 through November 25, 1948, and compensation of $20.80 November 30th, 1948; and total payments received by claimant for wages and compensation were $520.29.

That respondent had due notice of the accident, claim for compensation was made and filed within the time required by law.

The facts further disclose that claimant was a Highway Section Foreman employed by the Department of Public Works and Buildings, Division of Highways; that on May 25, 1948 he was operating a motor grader, a mile and a half north of Viola, Illinois, on Route 67; that he started to operate it at 11 A. M. until noon, that gas fumes emanating from the grader blew in his face; that at 1:00 P. M. a bulldozer was hooked in front of the grader to give the grader more power and to prevent it from tipping over; that grader was operated on a slope at a 45° angle and claimant inhaled gas fumes about 2½ hours; that the bulldozer hit a fence and threw claimant violently against the interior of the cab of the grader; that claimant hit his shoulder, back and head against the cab; that claimant got up and took hold of steering wheel and became dizzy and was sick; that he tried several times to again operate the grader, but could not and was ordered taken home at 4 o'clock in the afternoon.

That when claimant got home, Dr. James V. Hastings was called and claimant was kept in bed until June 30th; that electrocardiographs were taken on May 27th, 1948 at the Lutheran Hospital in Moline, and these showed acute coronary insufficiency with myocardial infraction posterior type moderately recent; that when Dr. Hastings examined claimant on May 25, 1948 his general symptoms suggested a coronary attack; that four cardiographs were taken and substantiated Dr. Hastings' examination and showed coronary thrombosis and that his condition will restrict his physical actions permanently; that claimant has an impaired circulation of the heart muscle and that the condition is permanent; that the condition was caused by the facts showed in evidence with reference to his work on May 25th, 1948, being over exertion and inhaling of gas fumes; and that claimant was totally and, permanently disabled from pursuing gainful employment.

The facts show claimant was engaged in work he was not doing every day and placed additional exertion and brought on the attack.

The facts further show claimant had never suffered from a heart attack before, and before going to work for the State passed a physical examination; that after the attack he tried to resume his supervisory work, but could not perform said work; that he had a common grade school education, going to work at the age of 14 and had no training of any kind, but for hard labor; and that he tried to get work, but was not able; and had always worked and was never out of a job until the attack on May 25, 1948.

From the undisputed facts in this record, the claimant received a coronary attack that arose out of and in the course of his employment and that he is totally and

permanently disabled from pursuing any gainful occupation.

In the opinion of the court this case falls within the holding of the Supreme Court of Illinois in the cases of *Fittro* vs. *Industrial Commission*, 377 Ill. 532, and *Joliet* vs. *Industrial Commission*, 291 Ill. 555.

That all medical and hospital expenses have been paid by the respondent and there are no further claims made for said expenses.

The testimony on hearing before Commissioner Young was transcribed by Laura Campbell, who has submitted a statement of $25.00 for her services. This charge is reasonable and proper.

The claimant is therefore entitled to an award of $6,240.00, less the sum of $145.89 paid claimant for non-productive time, or the sum of $6,094.11.

An award is therefore entered in favor of the claimant, George W. Lawson, in the amount of $6,094.11, payable as follows:

$ 727.71, being 42 weeks at $20.80 per week, less overpayment of $145.89 for non-productive time, which has accrued and is payable forthwith;

$5,366.40, to be paid in weekly installments of $20.80 per week, beginning September 28, 1949 for a period of 258 weeks; And, thereafter a pension for life in the sum of $499.20 annually, payable in monthly installments of $41.60.

Future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, the jurisdiction of this cause is specifically reserved for the entry of such other further orders as from time to time may be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State Employees."